IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Lee Becker,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CV-07-310-PHX-ROS<br><br>**ORDER** |

On February 15, 2008, Magistrate Judge David K. Duncan filed a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied (Doc. 24). For the reasons below, the R&R will be adopted.

**BACKGROUND**

Petitioner was convicted of conspiracy to commit first-degree murder, first-degree murder, and first-degree burglary. He was sentenced to life imprisonment for the conspiracy and murder convictions and 20 years imprisonment for the burglary conviction. The R&R sets forth the background of this case and neither party objected to that background. Thus, the Court adopts the background as an accurate recital

Petitioner alleges three grounds for relief in his Petition: (1) ineffective assistance of counsel for failure to present alibi witnesses; (2) improper judicial and prosecutorial vouching; and (3) insufficient evidence to support the conviction. The Magistrate Judge

recommended that the Petition be dismissed on all grounds. Petitioner timely filed an objection stating that he "will stand on his original response to the state's answer."

**STANDARD OF REVIEW**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412–413 (2000). A state court's decision is "contrary to" clearly established precedent if it (1) "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court's decision involves an "unreasonable application" of federal law if it (1) "correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable," or (2) "extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

**ANALYSIS**

After a *de novo* review of the record, the Court will adopt the Magistrate Judge's recommendations. The state court reasonably concluded that counsel's representation did not fall below an objective standard of reasonableness in failing to present the alibi witnesses. See Strickland v. Washington, 466 U.S. 668, 687–88 (1984). In addition, the prosecutor and judge did not improperly vouch for evidence. In any event, Becker has failed to show that the allegedly improper statements had a substantial and injurious effect on the verdict. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). Finally, viewing the evidence in a light most favorable to the State, a rational jury could have found Petitioner guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The Court, however, recognizes that this is a close case, so, if Petitioner decides to appeal this decision, it will certify the appeal.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 24) is **ADOPTED**.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

DATED this 24th day of July, 2008.

_____
Roslyn O. Silver
United States District Judge